## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1410 & 06 C 521 | **DATE** | April 10, 2008 |
| **CASE TITLE** | *Murphy v. Gans* | | |

**DOCKET ENTRY TEXT:**

The complaint is dismissed for the reasons stated below. All pending motions are stricken as moot. The clerk is directed to terminate this case from the court's docket.

■[ For further details see text below.]

### STATEMENT

Although pro se plaintiff Dorothy Murphy filed this complaint on March 7, 2008, it has only recently come to the court's attention as Ms. Murphy did not provide the court with a judge's copy of her filings. Ms. Murphy seeks leave to proceed in forma pauperis. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because Ms. Murphy is proceeding pro se, the court has construed her filings liberally.

This complaint is the third one arising from Ms. Murphy's employment at Pinnacle Health Care. Ms. Murphy was represented by appointed counsel in the first case (*Murphy v. Pinnacle Health Care*, 06 C 521), which settled in the Fall of 2007. In the second case (No. 08 C 860), Ms. Murphy sued Mr. Masciopinto (her former appointed counsel), Kenneth Henry (counsel for Pinnacle in the prior case) and Barry Gans (who is copied onto a letter from Mr. Henry about the settlement in the prior case and appears to be associated with Pinnacle). On March 12, 2008, the court dismissed No. 08 C 860, holding that it was an improper attempt to reopen the prior case despite the settlement. The court also dismissed the claims against the lawyers, explaining that it cannot exercise jurisdiction over any state law claims and in any event, any such claims would be clearly frivolous.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

In the present case (No. 08 C 1410), Ms. Murphy again attempts to challenge the employment action that was at the heart of the first case (No. 06 C 521). This time, she has sued Pinnacle, Mr. Gans, and the attorneys from the first case (Mr. Masciopinto and Mr. Henry), purportedly on behalf of herself and multiple minor children. She asks exclusively for relief based on Pinnacle's alleged discrimination against her. These claims fail for the reasons set forth in the court's March 12th order in No. 08 C 860. Specifically, as discussed in that order, any employment claims against Pinnacle would be time-barred so at best, Ms. Murphy could only proceed with her employment discrimination claims if she was able to back out of the settlement in 06 C 521. As set forth in the court's March 12th order, however, the settlement is binding because no evidence indicates that Ms. Murphy is willing to return the settlement money tendered by Pinnacle in No. 06 C 521. The court also adheres to its conclusion that a post-settlement change of heart is not enough to set a settlement aside. For all of these reasons, the complaint in No. 08 C 1410 – which essentially repeats the claims in No. 08 C 860 – is dismissed and all pending motions are stricken as moot.

Ms. Murphy is also reminded, once again, that any claims arising from her employment at Pinnacle were resolved via settlement in No. 06 C 521. Because she settled those claims, that book is closed. This means that she cannot file new complaints based on her employment at Pinnacle. She also cannot attempt to attack the settlement by suing people associated with Pinnacle or any of the lawyers associated with the first case and demanding that Pinnacle reinstate her to her former position. In other words, any and all claims of employment discrimination arising from Ms. Murphy's employment at Pinnacle are no longer subject to litigation. The court has explained this to Ms. Murphy multiple times and has given her wide latitude due to her pro se status. However, if Ms. Murphy persists in trying to litigate these claims, the court will have no choice other than to recommend that the court's Executive Committee bar her from filing any additional actions based on her employment at Pinnacle.